**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| RENEE K. BASTAS,<br><br>        PLAINTIFF,<br><br>vs.<br><br>ASSET RECOVERY ASSOCIATES<br><br>        DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Renee K. Bastas, ("Plaintiff" or "Renee" or "Bastas") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, Asset Recovery Associates (hereinafter "Defendant" or "Asset Recovery"), states as follows:

## I.    INTRODUCTION

1. This is an action for damages brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendants transact business in Iowa and the conduct complained of occurred here.

1

### III.   PARTIES

3. Plaintiff, Bastas, is a natural person residing in Marion County, Iowa.

4. Defendant, Asset Recovery, is a business principally located in Illinois who is engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. The Defendant, Asset Recovery, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

### IV.   FACTUAL ALLEGATIONS

7. At some point in time the Plaintiff defaulted on a debt owed to Chase Manhattan Bank (account ending in 5104 and hereinafter referred to as "the account").

8. On August 30, 2006, Bastas filed a Bankruptcy Petition pursuant to Chapter 7 of the Bankruptcy Code (United States Code Title 11) in the Bankruptcy Court for the Southern District of Iowa. Said bankruptcy case was assigned case number 06-01819.

9. The Plaintiff listed Chase Manhattan Bank, specifically the account, as unsecured non-priority creditor on Schedule F of her Bankruptcy Petition.

10. The Bankruptcy Noticing Center provided the Chase Manhattan Bank notice of the Chapter 7 bankruptcy filing on August 30, 2006, via electronic transmission. Said notice instructed Chase Manhattan Bank that collection actions were prohibited and provided the Chase Manhattan Bank with the name, address, and telephone number of the Debtor's attorney.

11. The Plaintiff received a Bankruptcy Discharge on or about March 06, 2007. Any debts owed to Chase Manhattan Bank, specifically the account, were included and discharged in said bankruptcy.

12. The Bankruptcy Noticing Center provided Chase Manhattan Bank notice of the Chapter 7 bankruptcy discharge on May 21, 2008, via electronic transmission. Said notice instructed Chase Manhattan Bank that collection actions were prohibited and provided Chase Manhattan Bank with the name, address, and telephone number of the Debtor's attorney.

13. The Plaintiff received collection correspondence from the Defendant dated January 13, 2014. Said correspondence identified the original creditor as Chase Manhattan Bank with the account in question ending in 5104.

14. Said correspondence makes the following representations:

"ARA Inc. has recently obtained and now is the legal owner of your Chase Manhattan Bank Account." "As of today, you owe $10,284.62, which is now due in full." "Your financial and credit history are currently being reviewed by our finalization department to determine our next course of action." "Should this debt go unpaid our intention is to seek whatever remedies are available."

15. Upon information and belief, the Defendant does not legally own the account for which they are attempting to collect.

16. The Defendant is attempting to collect on a debt that was included and discharged in bankruptcy.

17. In acquiring said account, the Defendant had a duty to investigate same to determine whether they were legally entitled to collect.

18. Upon information and belief, the Defendant is attempting to collect on a debt charged off in excess of 10 years from the date of their January 13, 2014 correspondence.

19. Notwithstanding status of the debt as discharged, the statute of limitations has passed to take legal action against the account.

20. The Defendant misrepresents that they have some legal remedy to pursue collection on the account.

21. As a result of the Defendant's attempted to collect on a debt which was discharged in bankruptcy over seven years ago, the Plaintiff has suffered from emotional distress including but not limited to: embarrassment, humiliation, anxiety, nervousness, confusion, frustration, anger, loss of concentration at work, sense of helplessness, and fear.

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendant and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

    a. 1692e(2)(A) through the false representation of the character, amount, or legal status of any debt;

  b. 1692(5) through the threat to take any action that cannot legally be taken or that is not intended to be taken;

  c. 1692(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

  d. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and

  e. 1692f(1) by continuing to attempt to collect on any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

24. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant as follows:

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiff;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

4. For such other and further relief as may be just and proper.

## COUNT II.
## VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT
### Iowa Code § 537.7103 et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendant and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the IDCPA including, but not limited to, the following provisions of the IDCPA, Iowa Code § 537.7103 et seq.

    a. 537.7103(1)(f) through an action or threat to take an action prohibited by this chapter or any other law;

    b. 537.7103(4) through false or misleading representations in an attempt to collect a debt;

    c. 537.7103(4)(e) through the false representation of the character, amount, or legal status of any debt; and

    d. 537.7103(5)(d) through the attempt to collect interest or other charge, fee or expense incidental to the principal obligation unless the interest or incidental charge, fee, or expense is expressly or legally chargeable.

27. As a result of each and every one of the Defendant's violations of the IDCPA, the Plaintiff is entitled to actual damages pursuant to § 537.5201(1)(y); statutory damages in an amount up to $1,000.00 pursuant to § 537.5201(1)(y); and reasonable attorney's fees and costs pursuant to § 537.5201(8) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant as follows:

1. For an award of actual damages pursuant to § 537.5201(1)(y)against the Defendant and for Plaintiff;

2. For an award of statutory damages of $1,000.00 pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to § 537.5201(8) against the Defendant and for Plaintiff; and

4. For such other and further relief as may be just and proper.

**WHEREFORE,** the Plaintiff prays for judgment against Defendant in an amount representing full and fair compensation for the injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relied as may be just under the circumstances.

## V.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF